873 P.2d 656

The STATE of Arizona, Appellant,

v.

Gilberto Botello AYALA, Appellee.

No. 2 CA–CR 93–0041.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 31, 1993.

As Corrected Sept. 8, 1993.

Reconsideration Denied Nov. 5, 1993.

Review Denied May 17, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Crane McClennen, Phoenix, for appellant.

Joseph P. DiRoberto, Sierra Vista, for appellee.

## OPINION

DRUKE, Chief Judge.

The state has appealed from the order of the trial court suppressing appellee's statements and evidence seized from his house. Appellee was charged with burglary, theft and trafficking in stolen property. Following the suppression order, the charges were dismissed without prejudice and this appeal followed.

The essential facts preceding the search and seizure are undisputed. The police received an anonymous tip that appellee and another were responsible for the break-in at a local business. The next morning shortly before 7 a.m., Detective Acosta and Sergeant Cruz arrived at appellee's house without a warrant, but with a consent to search form they intended to have appellee's mother sign. They were met at the door by appellee's 15-year-old brother. Acosta asked the boy where his father was and was told that he had already left for work. He then asked for the boy's mother and was told that she was on a walk but would return shortly.

Acosta then asked the boy if appellee was there and said that he needed to speak to him. The boy opened the door, indicating to the officers to come in, and proceeded into the house toward appellee's bedroom. The officers followed the boy into the house and down the hall to the bedroom. Their testimony was not entirely clear as to whether or not the boy had motioned to them to come with him to the bedroom. The boy opened the door and awakened appellee, telling him that someone was looking for him. After Officer Acosta told him that they wanted to question him about the particular burglary, appellee confessed and then showed the officers where some of the stolen merchandise was hidden in the house.

A trial court's ruling on a motion to suppress will not be disturbed on appeal

absent clear and manifest error. *State v. Stanley,* 167 Ariz. 519, 809 P.2d 944, *cert. denied,* —— U.S. ——, 112 S.Ct. 660, 116 L.Ed.2d 751 (1991). Although appellee urged various grounds for suppression of his statements and the seized evidence, the trial court only ruled on the initial entry, concluding

> that the actions of the officers on the morning of October 6, 1992, in regard to the entry of the ... residence was inappropriate and unlawful, as a matter of law, even if the police may have deemed their conduct to be reasonable and appropriate at that time....

\*  \*  \*  \*  \*  \*

IT IS THE FINDING OF THE COURT that proper and appropriate consent was not acquired by the officers as a matter of law under all the facts and circumstances....

This conclusion was preceded by the trial court's finding that the testimony of the officers had been truthful, candid and forthright. It thus appears that the trial court's order was not based on the boy's testimony that he was scared and felt pressured into admitting the officers, which would lead the court to conclude that the consent was coerced, but rather on its belief that the boy could not validly consent to the officers' entry into his home, presumably because of his age.

The issue in a case such as this is not whether the boy had actual authority to consent to the officers' entry and access to the bedroom but, rather, whether it reasonably appeared that the boy had common authority over the area which would render valid his consent to the officers' presence. *See State v. Castaneda,* 150 Ariz. 382, 724 P.2d 1 (1986). There are no cases in Arizona addressing the authority of a child to consent to a search, and we have found none in other jurisdictions adopting a per se rule precluding consent by a minor. Rather, the focus appears to be on the purpose of the entry and the objective presence of the compulsory effect of authority. *See, e.g., Doyle v. State,* 633 P.2d 306 (Alaska App.1981); *Mears v. State,* 533 N.E.2d 140 (Ind.1989); *State v. Griffin,* 756 S.W.2d 475 (Mo.1988), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1989). In each of these cases,

which upheld the consent, the purpose of the officers' visit was not to search the premises, but rather to talk to the defendant. Additionally, there was no superior demonstration of power or authority to support a finding that the entry was coerced, rather than the natural response of an appropriately mature and responsible youth.

The same is true in this case. The officers' purpose was to speak with appellee, not to search the premises. They first asked to speak with a parent, and then asked to speak with appellee. They did not request permission to enter; rather, a teenage boy admitted them into the house in direct response to their inquiry as to appellee's whereabouts. Considering the circumstances as a whole, the officers could reasonably have concluded that this adolescent had the authority to consent to their entry into the house. Accordingly, the trial court erred in concluding as a matter of law that such consent was insufficient or invalid, and that the ensuing statements and evidence required suppression. We note that appellee alleged numerous grounds for suppressing the evidence. Because the trial court did not address any ground other than consent to the initial entry, neither do we.

Reversed.

ESPINOSA, P.J., and HATHAWAY, J., concur.